35 C.C.P.A.(Patents)

## Application of ALLEN.
### Patent Appeal No. 5403.

Court of Customs and Patent Appeals.
Feb. 10, 1948.

Sol Shappirio, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C., (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

The application for patent here involved relates to alleged improvements in a "Squeeze Grip for Portable Fire Extinguisher." Five claims (being all the claims) numbered 11 to 15, inclusive, were rejected by the Primary Examiner on the ground of lack of invention over cited prior art. Upon appeal the Board of Appeals of the United States Patent Office affirmed the rejection, and appellant appealed to this court seeking review and reversal of the decision of the board.

Before us appellant through counsel moved to dismiss the appeal as to claims 12 and 13, which motion is hereinafter formally granted.

Claim 11 seems to be the broadest of the three remaining claims. It reads:

"11. A discharge head for a portable container for fire extinguishing fluid or the like retained under high pressure in said container to be discharged therefrom under its own pressure through the discharge head comprising a horizontally movable valve for controlling fluid passing through said discharge head, a carrying handle on said head, a substantially horizontal operating lever on said head above said carrying handle in position to form a squeeze grip therewith, said lever being movable downwardly to move said valve inwardly to open the fluid passage in the head, and releaseable locking means to lock the lever to prevent accidental operation of the lever."

Claims 14 and 15 are more specific than claim 11 as to certain elements of structure but there is no contention that either of them is patentable unless claim 11 be so. In other words, the three appealed claims stand or fall together.

Two patents were cited as references, viz.:

Axtell et al., 2,208,490, July 16, 1940.
Towart, 2,258,869, Oct. 14, 1941.

While we think the structure depicted in the claims can be visualized readily from a study of claim 11, supra, we observe in the brief of the Solicitor for the Patent Office a very clear description which supplements the claim itself, and this, with indicating numerals omitted and certain matter stated in brackets, we reproduce:

"The application here involved * * * discloses a portable vessel * * *, adapted to contain an extinguishing fluid such as carbon dioxide, under pressure. *The discharge head * * *, which forms the subject matter of the present appeal,* is threaded into an opening at the top of this vessel, and a tube * * *, threaded into the head, extends down into the vessel. The discharge head contains a horizontally movable valve * * * which is urged toward closed position by a spring * * *, and which controls the flow of fluid from the pipe * * * to the discharge outlet * * *. The valve may be opened by a member * * * which is pivoted on the head [at an indicated point] * * * and which has a surface * * * which engages the end of the valve stem when the member * * * is depressed. A removable locking pin * * * normally prevents any movement of the member * * *. Pivoted on the head below the member * * * is a handle * * *, which is used in lifting the vessel. The parts * * * [the member and handle] are so arranged that they may be gripped in one hand and, when the locking pin has been removed the [horizontally movable] valve * * * may be opened by squeezing * * * [member and handle] together." (Italics ours.)

It is said by the examiner in his statement following the appeal to the board that "When the fire extinguisher is to be used, the operator withdraws the locking pin * * * [and] raises the carrying handle * * * to less than a horizontal position. He can then carry the tank and control the discharge valve with one hand, the other hand being free to direct the flow of fire extinguishing fluid by means of a short hose and nozzle."

The Axtell et al. patent relates to a portable fire extinguisher. A vessel is disclosed which is designed to contain the extinguishing fluid. A handle is shown designed to hold gas under pressure which is to be released at the desired time to apply force to the extinguishing fluid. The flow of extinguishing fluid is controlled by a valve mounted in the discharge head of the vessel, the valve moving vertically. The valve is closed by a spring which may be released by one end of a member that overlies and really forms a part of what is called the handle, the member and the handle forming a squeeze grip.

The Towart patent relates to "high pressure fluid medium containers and control valves therefor equipped with an easily manipulated finger-operated control and adapted for use with fire extinguishers and other high pressure fluid medium applications." The device has a vessel for containing carbon dioxide under pressure. In the discharge head at the top of the vessel there is a valve which is normally closed that may be opened by a pressure from inside the vessel upon a horizontally arranged stem in the head. A handle attached to the head extends horizontally for a short distance and then downwardly. The downwardly extending portion forms a vertical grip. There is a trigger or lever in the horizontal portion which is pivoted to the handle and which is restrained by a removable locking pin. The trigger is equipped with a projection that engages the valve and opens it (the pin being removed) when the trigger or lever is squeezed against the handle.

The examiner said:

"In view of the Axtell patent, no invention would be involved in redesigning the Towart dispenser by reversing the position

of the valve actuating lever to the top side of the carrying handle and extending it along the carrying handle to form a squeeze type manipulating means."

The board in approving the examiner's rejection asserted:

"The provision of a valve actuating lever above the carrying handle is old in the Axtell reference and, in fact, the claims would read on this patent if the valve actuating means were horizontally arranged instead of vertically. The Towart patent discloses a horizontal valve actuating means and an operating lever which, if inverted as the Examiner suggests and extended along the handle, as taught by Axtell, would constitute a squeeze grip as called for in the claims. This is all that the appealed claims call for and it is our opinion that they were properly refused."

When the case was argued before us counsel for appellant, in order to illustrate their arguments, presented and manipulated devices representative of appellant's extinguisher and of the extinguisher of Towart. We think it may be conceded from an inspection of the drawings and a study of the specifications alone, and this was verified by the demonstrations, that appellant's handle arrangement renders the moving and manipulating of extinguishers— particularly such as are of heavy weight— easier than was the case with the prior art devices, but we are unable to discern wherein the alterations or modifications of the structure disclosed by the prior art, which are simple in character and in line with well known principles of mechanics, may properly be classified as inventive.

Counsel for appellant placed much emphasis upon the matter of size but there is nothing in either the claims or the specification which specifies or even indirectly suggests anything with regard to size.

The appeal is dismissed as to claims 12 and 13. As to the other claims we find no error in the decision of the board and, therefore, it is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.